■    In the Matter of the Estate of ALBERT Z. HOGAN, Deceased. RANDOLPH F. HOAG, as Successor Executor, Appellant; GEORGE J. FREEDENBERG, as Special Guardian, Respondent.— In a proceeding to judicially settle the account of the successor executor of the estate of Albert Z. Hogan, deceased, in which the respondent, the special guardian for an incompetent beneficiary, Mabel Hogan, the testator's daughter, filed certain objections to the account, the successor executor appeals from so much of a decree of the Surrogate's Court, Westchester County, settling the account, made December 5, 1962 upon the opinion and decision of the court (see 37 Misc 2d 806) after a nonjury trial, as: (1) surcharged him with respect to real estate brokerage commissions paid by him to his attorney; and (2) allowed a fee of $1,000 to the respondent special guardian for his services to the incompetent beneficiary.    Decree modified on the law and the facts to the extent of reducing to $750 the fee allowed to the special guardian.    As so modified, decree, insofar as appealed from, affirmed, without costs.    Findings of fact contained or implicit in the Surrogate's decision (37 Misc 2d 806) which may be inconsistent herewith, are reversed; and new findings are made as indicated herein.    In our opinion, in the circumstances here presented, the amount allowed to the special guardian was excessive to the extent indicated.    Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.

■    In the Matter of the SECOND ADDITIONAL GRAND JURY OF THE COUNTY OF KINGS, Respondent, v. AURELIUS CIRILLO, Appellant.— In a proceeding by a Grand Jury under article 19 of the Judiciary Law (§ 750 *et seq.*) to adjudge a witness in criminal contempt of court, the witness appeals: (a) from an order of the Supreme Court, Kings County, dated March 18, 1963, which granted the petitioner's application to punish him for criminal contempt of court; and (b) from an order of said court, dated March 26, 1963, which adjudged him to be in criminal contempt of court and sentenced him to serve a term of 30 days in prison and to pay a fine of $250.    Orders affirmed, without costs.    The appellant's conduct in persisting in his "don't remember" answers before the Grand Jury justified, under the circumstances herein, the finding of a willful refusal to testify (*People ex rel. Cirillo* v. *Warden,* 11 N Y 2d 51; *Matter of Second Additional Grand Jury* v. *Cirillo,* 12 N Y 2d 206).    On this record, it may not be said that the appellant has been denied due process. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.